IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **ROBERT AWKARD, et al.,** | * | |
| Plaintiffs, | * | |
| v. | * | Case No.: RWT 08cv1562 |
| **MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION, et al.,** | * | |
| Defendants. | * | |

## **MEMORANDUM OPINION**

Plaintiffs, African-American property owners in Sandy Spring, Maryland, filed a complaint in this Court on June 16, 2008, alleging that the Maryland-National Capital Park and Planning Commission ("MNCPPC") and various individuals and entities conspired to deprive them of certain property interests in violation of their constitutional and civil rights. ECF No. 1. On August 11, 2008, several defendants moved to dismiss the complaint. ECF Nos. 15-18, 20. Plaintiffs filed an amended complaint on August 15, 2008, and the Court denied the motions to dismiss as moot on August 26, 2008. ECF Nos. 22, 29.

On September 10, 2008, Plaintiffs filed a consent motion to stay all proceedings. ECF No. 37. In support of this motion, Plaintiffs advised the Court that "all of the parties have consulted and have agreed to attempt to resolve their disputes through the mediation process." *Id.* at 1. The Court granted the motion to stay proceedings and promptly referred the case to Magistrate Judge William Connelly for mediation. ECF Nos. 38, 39. A settlement conference was held on December 4, 2008, but the parties did not reach a settlement agreement at that conference. A second settlement conference was scheduled for January 23, 2009, but was

continued at Plaintiffs' request. ECF No. 53. In support of their Motion to Continue the second settlement conference, Plaintiffs advised the Court that "[t]he parties [were] actively negotiating and [were] progressing towards a resolution of several issues in this matter." ECF No. 52. Defendants MNCPPC, Royce Hanson, Paul and Sara Arey, Macris, Hendricks and Glascock, P.A., ("MHG"), and Douglas Riggs consented to Plaintiffs' motion. *Id.* Accordingly, the motion was granted and the second settlement conference was rescheduled for March 11, 2009. ECF No. 54.

On March 10, 2009, the parties again requested that the second settlement conference be delayed. ECF No. 60. The Court granted the request, and directed counsel for the parties to contact Judge Connelly's chambers to schedule a new date for the second settlement conference. However, the parties never requested that the second settlement conference be held.

On July 1, 2010, Karla L. Palmer and Rebecca A. H. Watson, attorneys for Plaintiff William Rounds, moved for leave to withdraw as counsel, citing a difference of opinion between counsel and their client on how to proceed with the case. ECF No. 68. The Court granted the motion on July 6, 2010. ECF No. 70.

Concerned that the case had been stayed for almost two years without a settlement having been reached, the Court scheduled a telephone status conference for September 20, 2010. ECF No. 71. The Court was informed during the telephone status conference that the parties did not believe they would reach a mediated settlement. Accordingly, the Court lifted the stay and granted Plaintiffs leave to file a second amended complaint on or before October 1, 2010. ECF No. 72. Plaintiffs filed a Second Amended Complaint on October 1, 2010.

The day before all other Plaintiffs filed their Second Amended Complaint, Plaintiff Rounds filed a motion requesting that the Court reconsider its July 6, 2010 order granting Palmer

2

and Watson leave to withdraw as counsel. ECF No. 73. Rounds had been proceeding *pro se* between July 6, 2010 and September 30, 2010, due to his inability to secure another attorney on a pro bono basis. Watson, on behalf of herself, Palmer, and McDermott Will & Emery LLP, opposed Rounds' motion to reconsider on October 18, 2010, and Rounds filed a reply on October 22, 2010. ECF Nos. 77, 79.

This was not the end of the briefing on Rounds' motion to reconsider. On October 26, 2010, Watson filed with the Court a Motion for Leave to File a Surreply to Rounds' Motion for Reconsideration. ECF No. 80. Rounds likewise moved for leave to file a surreply to Watson's surreply. ECF No. 82. In his submissions, Rounds alleged that Palmer, Watson, and McDermott Will & Emery LLP, had not informed him that their withdrawal would leave him without counsel, and also claimed there was actually no difference of opinion between Rounds and his counsel on how to proceed with the case. ECF No. 79. McDermott, Will & Emery, LLP strenuously disputed these contentions. ECF No. 80.

During this flurry of activity surrounding Rounds' representation, MNCPPC, MHG and Douglas Riggs filed motions to dismiss the Second Amended Complaint. ECF Nos. 75, 78. Plaintiffs, save Rounds, opposed these motions. ECF Nos. 77, 85. The Court scheduled a hearing on the motions to dismiss for March 7, 2011. ECF No. 86.

To address the merits of Rounds' motion to reconsider the Court's order granting the motion of his counsel to withdraw, the Court directed Rebecca Watson to file the correspondence counsel had sent to Rounds indicating their intention to withdraw, and Rounds' reply correspondence. ECF No. 88. Counsel filed these documents under seal on February 23, 2011. ECF No. 91.

On February 24, 2011, Plaintiff Rounds, through counsel, filed a motion to continue the March 7, 2011 motions hearing, stating in support that counsel had only been retained two days prior. ECF No. 93. Rounds' counsel requested a thirty day continuance of the hearing to allow him to review the voluminous pleadings in this case and to determine whether to file a motion seeking leave to file an amended pleading on Mr. Rounds' behalf. *Id.* The Court granted Rounds' motion to continue, and directed Rounds to file any motion for leave to file a second amended complaint on or before March 24, 2011. ECF No. 100. The Court further directed that if Rounds determined that he wished to join Plaintiffs' Second Amended Complaint, he should file a notice to that effect on or before March 24, 2011. The Court continued the hearing until May 16, 2011. *Id.*

On March 24, 2011, Rounds and all other Plaintiffs filed a single Motion for Leave to File a Third Amended Complaint. ECF No. 103.[1] In support of their motion, Plaintiffs point out that the Third Amended Complaint narrows the issues by removing two causes of action, Plaintiffs' Equal Protection claim and their claim for violations of 42 U.S.C. § 1985. ECF No. 104 at 3. The Third Amended Complaint also combines declaratory judgment claims from the Second Amended Complaint related to the ten foot right-of-way with declaratory judgment claims related to the Farm Road. *Id.* Overall, the Third Amended Complaint reduces the causes of action from fifteen to ten counts. *Id.*

Defendants MNCPPC, MHG, and Paul and Sara Arey oppose Plaintiffs' motion. ECF Nos. 106-108. They argue that they would be prejudiced by having to brief dispositive motions again, and imply that the delays between the filing of the initial complaint and the present have also been prejudicial. MNCPPC's Opposition to Plaintiffs' Motion for Leave to

---

[1] Due to a filing error, the motion was re-filed on March 28, 2011. The operative Motion for Leave to File a Third Amended Complaint is therefore ECF No. 104.

4

Amend the Second Amended Complaint, ECF No. 106 at ¶¶ 2, 11, 12.  Defendants complain that this case "sat in a state of limbo" from December 2008 until September 2010, and suggest that this "limbo" was prejudicial.  Defendants do not argue that the proposed amendments would be futile or are pursued in bad faith.

Rule 15(a) of the Federal Rules of Civil Procedure provides that, more than 21 days after a responsive pleading or a motion to dismiss is served, "[a] party may amend its pleading only with the opposing party's written consent or the court's leave."  Leave to amend a complaint under F. R. Civ. P. 15(a) "should be freely given . . . unless the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Steinburg v. Chesterfield County Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008).  Futile amendments are those that cannot survive a motion to dismiss.  *See Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995); *Frank M. McDermott, Ltd. v. Moretz*, 898 F.2d 418, 420-21 (4th Cir. 1990); *Classen Immunotherapies, Inc. v. King Pharms., Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005).

Defendants will not be prejudiced by having to brief a motion to dismiss the Third Amended Complaint.  There is a large degree of overlap in the facts alleged and the claims asserted in the proposed Third Amended Complaint, as compared with the Second Amended Complaint.  Accordingly, the defenses asserted in the motions to dismiss the Second Amended Complaint will likely be similarly applicable to the Third Amended Complaint.

Further, as the procedural history of this case reveals, the two year stay to facilitate mediation was consented to by all parties.  Defendants cannot now be heard to complain that the delay to which they consented was prejudicial.  Given the liberal amendment standard dictated

5

by F. R. Civ. P. 15, Plaintiffs' Motion for Leave to File a Third Amended Complaint will be granted.

The Court is cognizant of the fact that all parties wish to see this case proceed expeditiously. Accordingly, the Court will set a briefing schedule that will allow the Court to hear argument on Defendants' motions to dismiss the Third Amended Complaint on July 7, 2011. A separate order follows.

<u>April 15, 2011</u>     <u>     /s/     </u>
Date     Roger W. Titus
     United States District Judge