IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT AWKARD, et al.,** | * |
| Plaintiffs, | * |
| v. | * Case No.: RWT 08cv1562 |
| **MARYLAND-NATIONAL CAPITAL PARK AND PLANNING COMMISSION, et al.,** | * |
| Defendants. | * |

## MEMORANDUM OPINION

Plaintiffs, African-American property owners in Sandy Spring, Maryland, brought this lawsuit against the Maryland-National Capital Park and Planning Commission ("the Commission"), real estate developer Warren Brown ("Brown"), Macris, Hendricks and Glascock, P.A. ("MHG"), a surveying firm, Douglas Riggs, an individual surveyor, adjacent landowners Sara and Paul Arey, and other individuals, alleging that they were deprived of certain property interests in violation of their constitutional and civil rights. Having determined that Plaintiffs' federal constitutional claims must be dismissed, the Court declines to exercise jurisdiction over Plaintiffs' surviving state law claims, and will dismiss those claims without prejudice.

## BACKGROUND FACTS

This dispute involves Plaintiffs' right to use "Farm Road," a road they have allegedly used as a means of ingress and egress from their properties for over one hundred years. Compl. at ¶ 23. In or around 1994, Defendant Brown began developing two subdivisions, Dellabrooke and Dellabrooke Forest, near Farm Road. *Id.* at ¶ 37. Brown allegedly directed Defendant MHG

and its surveyor, Defendant Riggs, to create survey documents for submission to the Commission that falsely depicted the Dellabrooke and Dellabrooke Forest subdivisions as being unencumbered by Farm Road. *Id.* at ¶ 40. The documents created by MHG, Riggs, and Brown also included an allegedly fictional conservation easement. *Id.* Defendants Brown, MHG, Riggs, and the Areys allegedly worked in concert with each other and the Commission to deprive Plaintiffs of access to Farm Road. *Id.* at ¶ 43.

Plaintiffs allege that, in light of the public record documents and its own Address and Subdivision Book showing the existence of Farm Road and the 10 Foot Right-of Way, the Commission knew or should have known that the documents submitted to it by MHG were false. *Id.* at ¶ 44. Nonetheless, the Commission approved the documents submitted by MHG, allowing the subdivisions to be built by Brown. *Id.*

As a result of the Commission's approval of the Dellabrooke and Dellabrooke Forest subdivision plans, Dellabrooke subdivision was built over the North entrance to Farm Road, severing the road's access point from Goldmine Road and a "fictional" conservation easement was recorded in the Commission's records that overlay parts of Farm Road, further severing Plaintiffs' access to Goldmine Road. *Id.* at ¶ 50. Plaintiffs allege that despite having been advised that MHG's submissions contain false information, the Commission has refused to take any corrective action. *Id.* at ¶ 47. Plaintiffs also allege that the Commission struck certain addresses that had been issued for properties along Farm Road and arbitrarily and capriciously refused to issue the property owners new addresses. *Id.* at ¶¶ 55-56.

In November, 2007, Plaintiff Rounds presented the Commission with multiple public record documents allegedly establishing his right to access his property via Farm Road, but the Commission refused to issue Rounds an address on the ground that there were errors in a 1966

2

Montgomery County Tax Map prepared by the State Department of Assessments and Taxation, involving the mislabeling of certain parcels. *Id.* at ¶¶ 60, 62. The Commission suggested Rounds meet with the Maryland Department of Planning ("MDP") to have the 1966 Tax Map corrected if he wished to have an address issued. *Id.* at ¶ 62.

Rounds met with the MDP, and on November 14, 2007, the MDP informed the Commission that it had corrected the errors in the parcel locations. *Id.* Ex. 11. The Commission still refused to issue Rounds an address, and allegedly "pressured" MDP to reverse the correction it had made to the 1966 Tax Map. *Id.* at ¶ 66. Plaintiffs claim that the Commission relied on a series of ever-changing, *ad hoc* explanations for denying Plaintiffs addresses.

Many of the Plaintiffs can now only access their land-locked properties by driving over grass or through the forest on their neighbors' properties, with their neighbors' permission. *Id.* at ¶ 35. Plaintiffs claim that the Commission's actions deprived them of substantive and procedural due process, and effected a taking without just compensation in violation of 42 U.S.C. § 1983. In addition, Plaintiffs bring six claims against all Defendants for declaratory judgment relating to their property rights to use Farm Road for ingress and egress from their properties, and also bring a slander of title claim.

## **PROCEDURAL HISTORY**

Plaintiffs filed a complaint in this Court on June 16, 2008, alleging that the Commission and various individuals and entities conspired to deprive them of certain property interests in violation of their constitutional and civil rights. ECF No. 1. On July 22, 2008, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction which sought orders directing then-Defendant Hill to remove all obstructions she or anybody associated with her had put across the Farm Road and directing the Commission to issue Brooke Road mailing addresses

to Plaintiffs' properties along the Farm Road. ECF No. 6. On August 11, 2008, several defendants moved to dismiss the complaint. ECF Nos. 15-18, 20. Plaintiffs filed an amended complaint on August 15, 2008, and the Court denied the motions to dismiss as moot on August 26, 2008. ECF Nos. 22, 29.

The Court held a hearing on the motion for a temporary restraining order and preliminary injunction on August 25, 2008, and denied the motion. ECF No. 29. At the hearing, the Court urged the parties to consider the benefits of mediation before a Magistrate Judge of this Court. The parties consulted, agreed to attempt to resolve their disputes through the mediation process, and requested that the Court stay all further proceedings pending the outcome of mediation. ECF No. 37. On September 11, 2008, the Court referred the matter for mediation and stayed all proceedings pending the outcome of mediation. ECF No. 38.

Settlement efforts were unsuccessful, and on September 21, 2010, the Court lifted the stay and granted Plaintiffs leave to file a second amended complaint. ECF No. 72. Plaintiffs filed a Second Amended Complaint on October 1, 2010. ECF No. 74. After various changes of counsel by Plaintiffs, a Third Amended Complaint was filed on April 15, 2011. ECF No. 111.

Defendants the Commission, and MHG and Riggs moved to dismiss the Third Amended Complaint on April 29, 2011. ECF Nos. 112, 114. Defendants Paul and Sara Arey concur in the Commission's Motion to Dismiss. ECF No. 113. Defendant Warren Lee Brown moved to dismiss the Third Amended Complaint on June 17, 2011. ECF No. 121. The Court held a hearing on the motions to dismiss on July 7, 2011, and took the matter under advisement. ECF No. 123. The Court now resolves the pending motions.

# ANALYSIS

## I. Standards of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges a court's authority to entertain a suit on grounds of subject matter jurisdiction. When faced with a Rule 12(b)(1) motion, the Court must accept factual allegations as true and construe them in the light most favorable to the plaintiff, relying solely on the pleadings. *Star Scientific Inc. v. R.J. Reynolds Tobacco Co.*, 174 F. Supp. 2d 388, 391 (D. Md. 2001). The Court will grant a 12(b)(1) motion only "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. Plaintiffs' Federal Constitutional Claims

The Commission—the only Defendant against whom federal constitutional claims are asserted—argues that Plaintiffs' federal constitutional claims fail to state claims upon which relief can be granted and must therefore be dismissed pursuant to F. R. Civ. P. 12(b)(6).

### i. Substantive Due Process

In order to state a claim that the Commission violated their substantive due process rights, Plaintiffs must allege facts that, if proven, would show "(1) that they had property or a property interest; (2) that the state deprived them of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that *no process* could cure the deficiency." *Sylvia Dev. Corp. v. Calvert County, Md.*, 48 F.3d 810, 827 (4th Cir. 1995) (emphasis in original). "The protection of substantive due process is indeed narrow and covers only state action which is so arbitrary and irrational, so unjustified by any circumstance or governmental interest, as to be literally incapable of avoidance by any pre-deprivation procedural protections or of adequate rectification by any post-deprivation state remedies." *Id.*

Plaintiffs' substantive due process claim fails because they have not shown that their post-deprivation remedies are inadequate to rectify any taking of their property. Plaintiffs have not pursued inverse condemnation proceedings, *see Electro-Nucleonics, Inc. v. Washington Suburban Sanitary Comm'n*, 554 A.2d 804, 808-810 (Md. 1989), nor have they sought a writ of mandamus pursuant to Maryland Rule 7-401 to compel the Commission to issue them addresses. *See* Rule 7-401(a) (allowing for "actions for judicial review of a quasi-judicial order or action of an administrative agency where review is not expressly authorized by law.") Plaintiffs have not brought an action to quiet title to their properties, nor have they sought declaratory or injunctive relief before the Montgomery County Circuit Court. Because Plaintiffs have not shown how these post-deprivation remedies are inadequate to remedy any unjust taking by the Commission and to compel it to issue them addresses if they are entitled to them, they fail to state a substantive due process claim. Accordingly, because Plaintiffs cannot show that post-deprivation state processes are incapable of rectifying any injury that the Commission has

arbitrarily inflicted upon them, their substantive due process claim must be dismissed with prejudice.

### ii. Procedural Due Process

In order to state a claim that the Commission's acts violated their rights to procedural due process, Plaintiffs must allege (1) that they had a property interest; (2) that the Commission deprived them of their property interest; and (3) that it did so without due process of law. *Sylvia*, 48 F.3d at 826. Plaintiffs have sufficiently alleged facts that, if true, would demonstrate that the Commission deprived them of a property interest. Plaintiffs' procedural due process claim must nevertheless be dismissed because Plaintiffs failed to take advantage of the various post-deprivation procedures available to them in the Maryland court system.

In *Tri-County Paving, Inc. v. Ashe County*, the Fourth Circuit stated two basic principles governing procedural due process claims: (1) due process of law generally requires that a deprivation of property be preceded by notice and an opportunity for a hearing appropriate to the nature of the case; and (2) despite this general rule, "to determine whether a procedural due process violation has occurred, courts must consult the entire panoply of predeprivation and postdeprivation process provided by the state." *Id.* at 436.

The Court concludes that there is a full panoply of post-deprivation remedies that have not been pursued in this case. As with their substantive due process claims, Plaintiffs have not shown how the myriad post-deprivation procedures provided by the state of Maryland are inadequate to remedy their injury. Again, Plaintiffs have not pursued inverse condemnation or quiet title actions, nor have they sought a writ of mandamus to compel the Commission to issue them addresses. Having declined to avail themselves of these procedures, Plaintiffs cannot satisfy their burden of showing that the procedures provided are inadequate. The procedural due process claim will be dismissed with prejudice.

### iii. Taking Without Just Compensation

There are "two independent prudential hurdles to a claim for just compensation for a regulatory taking brought against a state entity in federal court." *Holliday Amusement Co. of Charleston, Inc. v. South Carolina*, 493 F.3d 404, 406 (4th Cir. 2007). "First, the property owner must have a final administrative decision regarding the application of the challenged regulations to the property." *Id.* at 406-07. Second, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Id.* at 407.

Maryland has long recognized that a claim for inverse condemnation lies where the government's actions resulted in the taking of private property. *See Electro-Nucleonics, Inc. v. Washington Suburban Sanitary Comm'n*, 554 A.2d 804, 808-810 (Md. 1989). Plaintiffs have not pursued inverse condemnation proceedings, and therefore their takings claim must be dismissed. The Commission's motion to dismiss Count III will be granted, and Count III will be dismissed with prejudice.

### III. Supplemental Jurisdiction over Plaintiffs' State Law Claims

Pursuant to 28 U.S.C. § 1367(c)(3), a court may decline to exercise supplemental jurisdiction over Plaintiffs' state law claims if it has dismissed all claims over which it had original jurisdiction. Such a decision lies within the Court's sound discretion. The Court determines that it would not be prudential for this Court to retain jurisdiction over Plaintiffs' state law claims. Therefore, the Court will not address the merits of the state law claims, and to the extent the motions to dismiss address these claims, they will be denied as moot.

The Court notes that Plaintiffs are not without recourse. Pursuant to Maryland Rule 2-101(b):

> Except as otherwise provided by statute, if an action is filed in a United States District Court . . . within the period of limitations prescribed by Maryland law and that court enters an order of dismissal (1) for lack of jurisdiction, (2) because the court declines to exercise jurisdiction, or (3) because the action is barred by the statute of limitations required to be applied by that court, an action filed in a circuit court within 30 days after the entry of the order of dismissal shall be treated as timely filed in this State.

Accordingly, the Court declines to exercise supplemental jurisdiction over Counts IV-X, and those counts will be dismissed without prejudice to Plaintiffs' right to pursue any available remedies before the courts of Maryland.

## **CONCLUSION**

For the reasons stated herein, Counts I, II and III of Plaintiffs' Third Amended Complaint will be dismissed with prejudice. The Court declines to exercise supplemental jurisdiction over the remainder Plaintiffs' claims, and those claims will be dismissed without prejudice to Plaintiffs' right to seek any appropriate relief in the courts of the State of Maryland. Having dismissed Plaintiffs' federal claims and declined to exercise jurisdiction over Plaintiffs' state law claims, the motions to dismiss filed by MHG and Douglas Riggs [ECF No. 114] and Warren Brown [ECF No. 121] are now moot, and shall accordingly be denied. A separate order follows.

July 13, 2011 /s/
Date Roger W. Titus
United States District Judge